IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kerium Allen Garrick, Sr., :
            Appellant :
  :
      v. : No. 1003 C.D. 2017
  : Submitted: December 22, 2017
City of Phila/Philadelphia :
Prison System – CFCF/PICC :
Probation Officer Tabitha Hatcher :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                   HONORABLE P. KEVIN BROBSON, Judge
                   HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI               FILED: January 22, 2018


       Kerium Allen Garrick, Sr. (Plaintiff) appeals, *pro se*, from a jury verdict entered against him and in favor of the City of Philadelphia, Philadelphia Prison System, CFCF and PICC, and Probation Officer Tabitha Hatcher (collectively, Defendants) in the Court of Common Pleas of Philadelphia County (trial court). Because Plaintiff never filed a post-trial motion with the trial court after the verdict as required by Rule 227.1(c)(1) of the Pennsylvania Rules of Civil Procedure, we dismiss his appeal.

       The pertinent facts are as follows. Plaintiff, acting *pro se*, brought a false arrest, false imprisonment and federal civil rights action against Defendants

alleging that: he was imprisoned for four years before his criminal trial in violation of Rule 600 of the Pennsylvania Rules of Criminal Procedure; the prison authorities knew he had an allergy to seafood but offered only fish for Friday night dinners; and upon his release on probation, his probation officer maliciously and without probable cause had him arrested and jailed.

On Friday, July 7, 2017, a 12-person jury was selected and trial commenced the following Monday. However, because one of the jurors was unavailable due to personal reasons and no substitute was available to fill the vacancy, all parties agreed that trial would continue with an 11-juror panel.[1]

---

[1] As pertinent, the following exchange occurred between the parties and the trial court:

> **THE COURT**: Are you all in agreement to go down to 11?
>
> **[PLAINTIFF]**: I mean if we don't have a substitute.
>
> **THE COURT**: You cannot -- at this point we can't bring somebody in who wasn't part of the trial.
>
> **[PLAINTIFF]**: Exactly. Then we have to go with the 11. . . .
>
> **THE COURT**: It's that or a mistrial, which would be a new trial; do it all over again.
>
> **[PLAINTIFF]**: Let them deliberate on the information that's proceeding and everything that transpired already.
>
> **THE COURT**: Sir, I don't understand what you say. When you say, let them deliberate. Who is the them?
>
> **[PLAINTIFF]**: The 11 jurors.
>
> * * *

**(Footnote continued on next page…)**

On July 11, 2017, the jury returned a verdict in favor of Defendants and against Plaintiff. Plaintiff then verbally "declared" a mistrial because he was not provided a 12-person jury, which the trial court rejected because Plaintiff "didn't raise that issue when we talked about it . . . [and] agreed to going ahead with 11 jurors." (S.R.R. at 85b.) The trial court continued, "Well, you can file whatever motions you would like. But I'm not declaring a mistrial at this time. . . . Post-trial motions have to be filed within ten days." (S.R.R. at 85b-86b.) Notwithstanding the trial court's direction, Plaintiff did not file a post-trial motion and instead filed a notice of appeal on July 14, 2017.

On appeal, Defendants assert – and we agree – that Plaintiff's appeal must be dismissed because he failed to file a post-trial motion with the trial court, thereby waiving all issues on appeal. *See* Pa. R.C.P. No. 227.1(c)(1) ("Post-trial motions shall be filed within ten days after . . . verdict . . . in the case of a jury trial . . . ."). As our Supreme Court explained, "[Rule] 227.1 requires parties to file post-trial motions in order to preserve issues for appeal. If an issue has not been raised in a post-trial motion, it is waived for appeal purposes." *L.B. Foster Company v. Lane Enterprises, Inc.*, 710 A.2d 55, 55 (Pa. 1998); *see also Burrell Education Association v. Burrell School District*, 674 A.2d 348, 350 (Pa. Cmwlth. 1996) ("Only issues which a party specifically raises in its post-trial motions are preserved and will be considered on appeal.").

---

**(continued…)**

**THE COURT**: All right. Let's proceed with the nonsuit motion.

(Supplemental Reproduced Record (S.R.R.) at 50b.)

3

Accordingly, for the foregoing reasons, we dismiss Plaintiff's appeal.[2]

_____
DAN PELLEGRINI, Senior Judge

---

[2] In a separate motion, Defendants moved to strike certain extra-record documents contained in Plaintiff's brief. Because of the manner in which we resolved this matter, we need not reach this issue on appeal.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Kerium Allen Garrick, Sr., | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 1003 C.D. 2017 |
| | : | |
| City of Phila/Philadelphia | : | |
| Prison System – CFCF/PICC | : | |
| Probation Officer Tabitha Hatcher | : | |

**O R D E R**

AND NOW, this 22nd day of January, 2018, it is hereby ordered that Kerium Allen Garrick, Sr.'s appeal in the above-captioned matter is dismissed.

Jurisdiction relinquished.

_____
DAN PELLEGRINI, Senior Judge